UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20271-LEIBOWITZ

UNITED STATES OF AMERICA,

v.

BRETT BLACKMAN,

     Defendant.

_____/

## DEFENDANT BRETT BLACKMAN'S SUPPLEMENTAL MOTION IN LIMINE TO INTRODUCE TRAINING OR TUTORIAL VIDEOS

Defendant Brett Blackman, through undersigned counsel, hereby files this supplementary motion in limine regarding the admissibility of certain training videos of DMERX/Healthsplash. Specifically, Mr. Blackman seeks to introduce the following training videos narrated by government witness Toni De Lanoy during her cross-examination: Blackman Exhibits A3, A4, A5, A6, A7, A8, A9, A10, and A12, all of which are narrated by Ms. De Lanoy.

## PROCEDURAL AND FACTUAL BACKGROUND

The DMERX/HealthSplash training videos offered by Mr. Blackman are admissible as records of a regularly conducted business activity or as direct contradictions of the government's evidence and impeachment of multiple witnesses' testimony. Because the videos are relevant and

1

admissible for a purpose recognized by the Federal Rules of Evidence, they should be admitted and the Government's objection should be overruled.

I.      HealthSplash Training Videos Are Relevant Evidence Under Federal Rules of Evidence 401 and 402.

Federal Rule of Evidence 402 provides that relevant evidence is admissible unless prohibited by the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the U.S. Supreme Court. "Relevant" evidence is that which has any tendency to make a fact of consequence more or less probable than it would be without the evidence. FED.R.EVID. 410.

In the case at bar, Mr. Blackman is accused of creating and marketing the DMERX/HealthSplash online platform with the intent that it be used for fraudulent purposes. To that end, the Government has provided the testimony of several witnesses, including Chris Cirri and Jordan Karlick, who stated during their direct examinations that they and other coconspirators used and encouraged others to use the platforms to commit fraud.  But training videos created by former HealthSplash employees, including Toni De Lanoy, are evidence to the contrary. Rather than instructing providers to commit fraud, the training videos created and promoted at the direction of

2

Mr. Blackman and others informed providers in detail how to lawfully use the platforms.

The existence and content of the training videos make less probable the Government's allegation that Mr. Blackman knew of and endorsed the fraudulent use of the DMERX/Healthsplash platform. Pursuant to Rules 401 and 402, then, the training videos are admissible unless prohibited by another rule or statute. The Government has objected to the admission of the videos on hearsay grounds, which objection is addressed below.

II.   The HealthSplash Training Videos Are Admissible Under The Business Records Exception to the Hearsay Rule.

The Government contends that the training videos are inadmissible hearsay, insofar as they are out-of-court statements offered by Mr. Blackman for the truth of the matters asserted therein. *See* FED.R.EVID. 801(a)-(c). The Federal Rules of Evidence generally prohibit the admission of hearsay statements at trial unless they fall into one of the hearsay exceptions. *United States v. Santos*, 947 F.3d 711, 723 (11th Cir. 2020) ("Under the Federal Rules of Evidence, hearsay is . . . admissible if it falls into one of the hearsay exceptions.")

Rule 803(6), a hearsay exception titled, "Records of a Regularly Conducted Activity," provides that the following business records are *not* excluded by the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

*United States v. Jacoby*, 955 F.2d 1527, 1536 (11th Cir. 1992) (internal citations omitted).

The training videos are a record, in video form, of HealthSplash employees' acts and opinions in communicating to health care providers the proper way to use the online platform. The acts and opinions were captured at the time the videos were recorded by persons with knowledge of DMERX/HealthSplash's business practices and the platform's intended use. It was the regular practice of DMERX/Healthsplash to make and keep such videos in the ordinary course of business. Although DMERX/HealthSplash did not create its training videos with the same regularity or frequency as other business records, such as board meeting minutes, "[t]he routiness or repetitiveness with which a record is prepared is not the touchstone of admissibility under the business records exception.... Rule 803(6) should be interpreted so that the absence of routineness without more is not

4

sufficiently significant to require exclusion of the record." *Id.* at 1537 (internal quotation marks omitted).

Thus, the training videos are, pursuant to Rule 803(6), records of DMERX/HealthSplash's regularly conducted activity and excepted from the rule against hearsay. Upon testimony establishing the proper foundation, the videos should be admitted[1] into evidence and the Government's objection should be overruled.

IV.   The HealthSplash Training Videos Are Admissible As Impeachment Evidence.

Even if the Court finds the training videos do not constitute business records and are not admissible for the truth of matters asserted therein, "[t]he Federal Rules of Evidence often prohibit the introduction of evidence for one purpose while permitting the introduction of the same evidence for a different purpose." *United States v. Carthen*, 906 F.3d 1315, 1325 (11th Cir. 2018) (Pryor, J., concurring).

It has long been established that "extrinsic evidence," such as the DMERX/HealthSplash training videos, "can be offered for . . . impeachment such as contradiction, prior inconsistent statement, bias and mental

---

[1] The business records hearsay exception requires someone who is knowledgeable about the procedures used to create the alleged business records to testify; however, the testifying witness does not need firsthand knowledge of the contents of the records, of their authors, or even of their preparation. *In re Int'l Mgmt. Assocs., LLC*, 781 F.3d 1262 (11th Cir. 2015)

capacity." *United States v. Wheeler*, 16 F.4th 805, 828 (11th Cir. 2021) (cleaned up), citing Fed. R. Evid. 608(b), advisory committee's notes to 2003 amendments. "Impeachment by contradiction occurs when a party offers evidence to prove that a fact to which a witness testified is not true." *Carthen*, 906 F.3d at 1322 (Pryor, J., concurring, citing Charles Alan Wright et al., Federal Practice and Procedure § 6096 (2d ed. 2007)); *cf. United States v. Taylor*, 426 Fed.Appx. 702, 704-05 (11th Cir. 2011) (finding no error in government calling a rebuttal witness to directly contradict defendant's testimony that he obtained money at issue from his employer, when employer had terminated defendant for gross misconduct); *Alphonso v. Esfeller Oil Field Const., Inc.*, 380 Fed.Appx. 808, 810 (11th Cir. 2010) (affirming the admission of surveillance video showing plaintiff selling shirts from the back of a van to impeach plaintiff's testimony that he did not earn any money following his accident); *United States v. Cardenas*, 895 F.2d 1338, 1345-46 (11th Cir. 1990) (finding no error in the admission of testimony about defendant's prior drug use to directly contradict defendant's testimony); *United States v. Cousins*, 842 F.2d 1245, 1249 (11th Cir. 1988) ("extrinsic evidence is admissible where it disproves a specific fact material to the defendant's case") (emphasis in original).; *United States v. Calle*, 822 F.2d 1016, 1020-21 (11th Cir. 1987) (finding reversible error when defendant

6

was not permitted elicit a defense witness's testimony about prior misconduct of a government witness where that testimony would have been relevant to disprove a specific fact material to defendant's defense); *United States v. Russell*, 717 F.2d 518, 520 (11th Cir.1983) ("extrinsic evidence which contradicts the *material* testimony of a prior witness is admissible") (emphasis in original).

The training videos created at DMERX/Healthsplash informed providers how to lawfully use the platforms. The videos are, like the witness testimony at issue in *United States v. Calle*, *supra*, material to Mr. Blackman's defense because they tend to disprove material allegations in the indictment. The content of the videos, which was shared with the platform's subscribers, also directly contradicts the testimony of Mr. Cirri, Mr. Karlick and the expected testimony of Ms. De Lanoy, in that they show that users were encouraged to comply with the law, and to the extent Ms. De Lanoy assisted in the creation and dissemination of the videos, that Ms. De Lanoy knew Mr. Blackman's intent was not to facilitate fraud. Thus, the videos should be admitted and the Government's objection should be overruled.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 88.9

The Court entertained brief oral argument on this issue in Court on May 13, 2025, during which the parties argued in good faith regarding the issues raised in this motion. The government opposes the motion.

## **CONCLUSION**

For these reasons, Defendant Brett Blackman respectfully requests that the Court grant this Motion in Limine in its entirety.

Respectfully submitted this 14th day of May, 2025.

Respectfully Submitted,

*/s/Richard C. Klugh, Esq.*
Richard C. Klugh, Esq.
FL Bar No. 305294
RKlugh@Klughlaw.com

Richard C. Klugh, Esq.
40 N.W. 3rd Street, PH-1
Miami, Florida  33128
Tel. (305) 536-1191
Fax (305) 536-2170
E-mail:  Rklugh@Klughlaw.com

*/s/ Brian T. Rafferty*
BRIAN T. RAFFERTY
Georgia Bar No. 311903

RAFFERTY LAW, LLC
1575 Johnson Road NE
Atlanta, Georgia 30306
(912) 658-0912
brian@raffertylawfirm.com

Counsel for Defendant Brett Blackman

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served the foregoing Motion on all parties in this case in accordance with the notice of electronic filing using the CM/ECF system, which was generated as a result of the electronic filing with this Court.

This 14th day of May, 2025

/s/Richard C. Klugh, Esq.
Richard C. Klugh, Esq.