UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-20271-LEIBOWITZ

UNITED STATES of AMERICA,

    Plaintiff,

v.

BRETT BLACKMAN,

    Defendant.

_____/

**DEFENDANT BRETT BLACKMAN'S MOTION TO PRECLUDE GOVERNMENT FROM ELICITING TESTIMONY REGARDING COOPERATING WITNESSES' GUILTY PLEAS AS EVIDENCE OF SUBSTANTIVE GUILT**

Defendant Brett Blackman, through undersigned counsel, hereby moves to exclude portions of the anticipated testimony of several cooperating witnesses expected to testify this week.

The law in this Circuit is well settled that it is improper to use one person's guilty plea or conviction as substantive evidence of the guilt of another. *See, e.g., United States v. King*, 505 F.2d 602, 607 (5th Cir. 1974); *United States v. Countryman*, 758 F.2d 574 (11th Cir. 1985) (such evidence is permissible for the limited purpose of blunting the impact of expected attacks on credibility); *United States v. DeLoach*, 34 F.3d 1001 (11th Cir. 1994) (discussing the limited permissible

1

uses of guilty plea evidence). *See, e.g. United States v. Herrell*, 436 F.2d 606, 617 (5th Cir. 1970) (reversing conviction where no proper limiting instruction was given and noting "there may be aggravated circumstances in which the strongest corrective instruction would be insufficient, as for example, where the guilty plea of one co-defendant necessarily implicates another or others.").

The government may not, directly or indirectly, utilize a guilty plea and conviction as substantive evidence. Nor may the government ask its witnesses to tell the jury what is and is not legal. Nor may the government ask its witnesses to explain to the jury why a given course of conduct amounts to fraud, conspiracy, or kickbacks. Such testimony effectively tells the jury which result to reach. The admission of testimony of this nature is contrary to the decisional authority of the Eleventh Circuit, *see, e.g., Montgomery v. Aetna Casualty and Surety Company*, 898 F.2d 1537 (11th Cir. 1990), and other Circuits. *See, e.g., United States v. Scop*, 846 F.2d 135 (2d Cir. 1988); *United States v. Garcia*, 413 F.3d 201 (2d Cir. 2005); *United States v. Grinage*, 390 F.3d 746 (2d. Cir. 2004); *United States v. Dukegjini*, 326 F.3d 45 (2d Cir. 2002); *United States v. Gutierrez-Varias*, 294 F.3d 657 (5th Cir. 2002); *United States v. Menefee*, 28 F.3d 109 (9th Cir. 1994).

"A witness . . . may not testify to the legal implications of a person's conduct; the court must be the jury's only source of law." *Montgomery v. Aetna Casualty and*

2

*Surety Company*, 898 F.2d 1537, 1541 (11th Cir. 1990). In *Montgomery v. Aetna Casualty and Surety Company*, the Eleventh Circuit reversed the trial court's denial of the defendant insurer's motion for judgment notwithstanding the verdict or for a new trial predicated on a claim of error in admitting testimony from the plaintiff's expert witness that the defendant had a duty under the applicable insurance policy to provide plaintiff with tax counsel in connection with pending litigation. The Eleventh Circuit held that such testimony was a legal conclusion and should not have been admitted.

Mr. Blackman therefore moves to preclude the government from eliciting any testimony regarding guilty pleas that goes beyond the limited purpose of reducing the sting of cross examination. Mr. Blackman moves to preclude the government from asking witnesses to comment on whether various courses of conduct were legal or illegal, to preclude the government from asking witnesses why their conduct amounted to fraud or kickbacks, and to preclude the government from asking witnesses to explain who they conspired with and how, and why they were guilty of conspiracy.

Respectfully submitted,

3

By: /s/ *Jenny Wilson*
     Jenny Wilson, Esq.
     Klugh Wilson LLC
     Fla. Bar No. 1031758
     40 N.W. 3rd Street, PH 1
     Miami, Florida 33128
     Tel: (305) 536-1191
     Fax: (305) 536-2170
     Counsel for Defendant